JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiffs

**FILED**

MAY - 2 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

LB

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## C11-02162

| | |
|---|---|
| EARL BROWN Sr., individually and as personal representative of the Estate of decedent EARL BROWN Jr.; HELEN BROWN, individually and as personal representative of the Estate of decedent EARL BROWN Jr.;<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; SAN FRANCISCO SHERIFF'S DEPARTMENT, a municipal corporation; SHERIFF MICHAEL HENNESSEY, in his capacity as SHERIFF for the City and County of San Francisco; DOES 1-25, inclusive; individually and in their official capacities as SHERIFF'S DEPUTIES for the City and County of San Francisco,<br><br>        Defendants.<br>                                    / | **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

PARTIES

2.     Plaintiff herein, EARL BROWN S.R. ("PLAINTIFF"), is and was at all times herein mentioned the father of decedent EARL BROWN J.R. and is the personal representative of the Estate of decedent EARL BROWN Jr. Plaintiff is a citizen of the United States residing in the state of Georgia.

3.     Plaintiff herein, HELEN BROWN ("PLAINTIFF"), is and was at all times herein mentioned the mother of decedent EARL BROWN J.R. and is the personal representative of the Estate of decedent EARL BROWN J.R. Plaintiff is a citizen of the United States residing in the state of Georgia.

4.     Defendant CITY AND COUNTY OF SAN FRANCISCO is a public entity, operating under the laws of the State of California and of the United States of America. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Doe 1-25 at all times relevant to this Complaint.

5.     Defendant Sheriff's Department of San Francisco is a municipal corporation, organized under the laws of the State of California and the United States of America. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants 1-11 at all times relevant to this Complaint.

6.     Defendant Michael Hennessey, who is a natural person, was a resident of California, United States of America, and the duly-appointed Sheriff of San Francisco, California, at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of jail policies, procedures, and practices in the San Francisco Jails. He is also responsible for the training of the San Francisco deputies at the San Francisco jails. He is being sued in his official capacity as SHERIFF for the CITY and COUNTY OF SAN FRANCISCO.

7.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Defendants Does 1 through 25 and others not presently known to the Plaintiffs were, at all times material to this Complaint, duly appointed San Francisco Sheriff's deputies.  Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

8.     Plaintiffs have requested all of the records pertaining to this matter which are under the control and custody of the defendants. To date, the defendants have only provided the Coroner's Report in this matter to Plaintiffs. Therefore, Plaintiffs are unable to ascertain the true names and identities of the City and County of San Francisco Sheriffs' deputies who were involved in the subject incident and they are hereby sued under Defendant Does 1-25. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

9.     In engaging in the conduct described herein, Defendant Deputy Sheriffs acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant Deputy Sheriffs exceeded the authority vested in them as Deputy Sheriffs under the United States and California Constitutions and as Deputy Sheriffs employed by Defendant CITY.

10.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have complied with all such requirements.

STATEMENT OF FACTS

11.     The incident began on March 28, 2010 at approximately 10:35 a.m.

12.     Police officers were dispatched to a café located on the 2200 Market Street San Francisco, CA.  Plaintiff, 43 year old Earl Brown Jr., had been arguing with some patrons and he refused to leave.

13.     When police officer tried to remove Brown, he resisted and the parties began grappling. Brown, who was an HIV positive gay black man, bit one of the officers during the struggle.

14.     Brown was arrested and taken to Mission station for processing. Paramedics at Mission station cleared him medically to be booked into jail.

15.     On two occasions during the booking process, the paramedics confirmed that Brown had normal vital signs and adequate physical fitness to be placed in jail.

16.     Brown was booked into jail at 1 p.m. Deputies state that because Brown became agitated and combative during the booking process, they decided to place him in a safety cell.

17.     Deputies admit to checking on Brown just two minutes after they placed him in the safety cell only to find him unresponsive.

18.     Sheriff's deputies attempted to perform CPR and paramedics were called. All attempts to revive Brown were unsuccessful and he was pronounced dead at 5:30 p.m.

19.     The San Francisco medical examiner later concluded that the cause of Brown's death was lethal cardiac arrhythmia (heart attack) following restraint during methamphetamine intoxication.

20.     The Defendant Deputy Does 1-25 use of excessive force during the restraint in a jail cell caused the decedent's death.

### DAMAGES

21.     Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Mr. BROWN's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses.

22.     Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. Sections 377.60 and 377.61.

23.     Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered,

c.   The right to be free from the use of excessive force by deputy sheriffs, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.   The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violations of Plaintiffs' civil rights to familial relationship - 42 U.S.C. section 1983)

29.   Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 28 of this Complaint.

30.   Defendants, acting under color of state law, and without due process of law deprived Plaintiffs of their right to a familial relationship by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. section 1983)

31.   Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

6

for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived.  These damages do not include damages incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

24.     As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Mr. BROWN'S financial support.

25.     The conduct of the defendant Sheriff's Deputies was malicious, wanton, and oppressive.  Plaintiffs, as decedent's successors in interest, are therefore entitled to an award of punitive damages against said individual defendants.

26.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law.  Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

FIRST CAUSE OF ACTION
(Wrongful Death 42 U.S.C. Section 1983)

27.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 26 of this Complaint.

28.     Defendants acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.     The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

32.     Plaintiffs are informed and believe and thereon allege that high ranking CITY AND COUNTY OF SAN FRANCISCO officials, including high ranking sheriff's supervisors such as Defendant HENNESSEY, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Sheriff's Deputies and DOES 1-10, and/or each of them.

33.     Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants HENNESSEY, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said Sheriff's Deputies.

34.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants and DOES 1-10, and/or each of them, Defendant HENNESSEY, DOES 11-25, and/or each of them, encouraged these sheriff's deputies to continue their course of misconduct and caused these sheriff's deputies lack of training, resulting in the violation of the Plaintiffs' rights as alleged herein.

35.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY AND COUNTY OF SAN FRANCISO officials, including high ranking CITY AND COUNTY OF SAN FRANCISCO Sheriff's Department supervisors, Defendants HENNESSEY, DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

      a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

      b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.  The right to be free from the use of excessive force by sheriff's deputies, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.  The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

36.  Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Survival action:  Violation of decedent's civil rights
42 U.S.C. section 1983)
(Plaintiffs as personal representatives of decedent)

37.  Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38.  The foregoing claim for relief arose in decedent's favor, and decedent would have been the Plaintiff with respect to this claim if he had lived.

39.  Defendants acted under color of law in causing decedent to die without lawful justification and subjecting decedent to excessive force, thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.  The right to be free from the use of excessive force by sheriff's deputies, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.  The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

40.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(C.C.P. Section 377.60 and 377.61)
Wrongful Death- Negligence

41.    Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

42.    Defendants CITY, by and through its agents and employees,  Defendant Sheriff's Deputies and DOES 1-10,  negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of decedent BROWN.

43.    As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their son, decedent, in an amount according to proof at trial.

44.    As a further actual and proximate result of said defendants' negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

45.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants and DOES 1-10)

46.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 45 of this complaint.

47.  Plaintiffs are informed and believe and thereon allege that the conduct of Defendants and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against plaintiffs' decedent.  Plaintiffs' decedent is and was readily recognizable as gay and African-American.  In engaging in such conduct, defendants violated plaintiffs' decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race or sexual orientation.

48.  Under the provisions of California Civil Code Section 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code Section 51.7 for punitive damages and for reasonable attorney's fees.

49.     As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants and DOES 1-10)

50. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 49 of this Complaint.

51. The conduct of Defendants and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that through the wrongful assault and battery and killing of plaintiffs' decedent they interfered with plaintiffs' decedent's exercise and enjoyment of his civil rights.

52. As a direct and proximate result of defendants' violation of Civil Code Section 52.1, decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

53. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

54. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Wrongful Death - Assault and Battery)
(Against defendants and DOES 1-10)

55. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 54 of this Complaint.

56. Defendants and DOES 1-10, inclusive, placed plaintiffs' decedent in immediate fear of death and severe bodily harm without any just provocation or cause.

57. These defendants' conduct was neither privileged nor justified under statute or common law.

NINTH CAUSE OF ACTION

(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendant CITY, HENNESSEY, and DOES 11-25)

58.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 57 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59.     At all times mentioned herein, Defendant CITY, by and through its agents and employees; HENNESSEY; and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its sheriff's deputy employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, HENNESSEY, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injury and damages to decedent and plaintiffs. CITY, HENNESSEY, and DOES 11-25, inclusive, failed to adequately train CITY employees and sheriff deputies, including Defendant Sheriff's Deputies and DOES 1-10, inclusive, in the proper and reasonable use of force, handling of mentally impaired, and/or failed to have adequate policies and procedures regarding the use of force. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing deliberately indifferent failure to the use of excessive force and handling of the mentally impaired by the CITY.

60.     As a proximate result of defendants CITY, HENNESSEY, and DOES 11-25, inclusive's negligent conduct, decedent and plaintiffs suffered damages including severe emotional and mental distress and injury having a traumatic effect on decedent's and plaintiffs' emotional tranquility.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

## JURY DEMAND

61.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum of $10,000,000.00;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For injunctive relief;

6.     For cost of suit herein incurred; and

7.     For such other and further relief as the Court deems just and proper.


Dated:  April 28, 2011                    **The Law Offices of John L. Burris**


John L. Burris
Benjamin Nisenbaum
Attorneys for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                    13