UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| EARL BROWN, SR., *et al.*, | No. C 11-02162 LB |
| Plaintiffs, | **ORDER STRIKING PLAINTIFFS' OPPOSITION** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | [ECF No. 10] |
| Defendants. | |
| _____/ | |

Plaintiffs Earl Brown, Sr. and Helen Brown – individually and as the personal representatives of the estate of their son, decedent Earl Brown, Jr. – assert a number of federal and state claims arising from the arrest and detention of their son by the City & County of San Francisco Sheriff's Department. Complaint, ECF No. 1.[1] On July 21, 2011, Defendant City and County of San Francisco moved to dismiss the complaint. Motion to Dismiss, ECF No. 7 at 1. Plaintiffs filed their opposition on August 11, 2011. Opposition, ECF No. 10 at 1.

Civil Local Rule 7-3 requires opposition briefs to be submitted within 14 days after the motion is served and filed or, in this case, August 4, 2011. N.D. Cal. Civ. L.R. 7-3(a). Rule 6(b) of the Federal Rules of Civil Procedure permits the court to extend the time in which a party must perform a specific act upon a showing of good cause. Fed. R. Civ. P. 6(b). And, "although extensions before

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-02162 LB
ORDER STRIKING OPPOSITION

1  expiration of the time period may be 'with or without motion or notice,' any postdeadline extension
2  must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the
3  result of excusable neglect.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 (1990).

4      Plaintiffs' opposition was filed seven days late. They did not file a motion seeking an
5  enlargement of time in which to file the opposition. And Plaintiffs' counsel had been informed that
6  Defendant's counsel would not be available to respond from August 12 (just one day after the late
7  opposition was filed) to August 29, 2011 (just three days before the motion is to be heard). ECF No.
8  9 at 3. Given these factors, the court strikes the opposition. *See Wood v. Santa Barbara Chamber of*
9  *Commerce*, 705 F.2d 1515, 1519 (9th Cir. 1983) (affirming decision to strike untimely opposition);
10 *Herman Miller, Inc. v. Alphaville Design, Inc.*, No. C 08-03437 WHA, 2009 WL 86587, at *1 (N.D.
11 Cal. Jan. 13, 2009) (striking untimely opposition).

12     However, Plaintiffs may file a motion to enlarge time by 3:00 p.m. on Wednesday, August 17,
13 2011. This motion must comply with Civil Local Rule 6-3. And, if Plaintiffs wish to present
14 discovery issues to the court, they must comply with the procedures set forth in the undersigned's
15 standing order and may not move for relief via an opposition brief.

16     Because Defendant's counsel previously indicated that she will be unavailable from August 12
17 to August 29, 2011, the court extends Defendant's time to respond until August 30, 2011. If
18 necessary, Defendant may request more time to respond to any motion to enlarge time filed by
19 Plaintiffs. If Plaintiffs ultimately are permitted to file an opposition, Defendant will be given time to
20 file a response.

21 **IT IS SO ORDERED.**

22 Dated: August 16, 2011

23                                   _____
                                  LAUREL BEELER
                                  United States Magistrate Judge