UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| EARL BROWN, SR, *et al.*, | No. C 11-02162 LB |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | [ECF No. 7] |
| Defendants. | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 1983 and California state law, Plaintiffs Earl Brown, Sr. and Helen Brown – individually and as the personal representatives of the estate of their son, decedent Earl Brown, Jr. ("Decedent") – assert several claims arising from the arrest and detention of Decedent. Complaint, ECF No. 1.[1] Defendant City and County of San Francisco ("CCSF") moves to dismiss the complaint in its entirety, arguing: (1) Plaintiffs have sued only CCSF and fail to state a *Monell* claim; (2) Plaintiffs state facts that justify the arrest of Decedent, and the use of force against him; (3) Plaintiffs have not, and cannot, assert facts raising a plausible claim for wrongful arrest, excessive force, or discrimination on the basis of Decedent's race; and (4) for the same reasons that Plaintiffs cannot state a federal constitutional claim, they have not and cannot state a claim under

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-02162 LB
ORDER RE MOTION TO DISMISS

state law. Motion, ECF No. 7 at 2. Plaintiffs do not challenge the motion to dismiss as it relates to their wrongful arrest claim but otherwise oppose the motion. Opposition, ECF No. 10 at 9 n.1. The court grants CCSF's motion to dismiss without prejudice and with leave to amend because Plaintiffs do not allege sufficient facts for the court to reasonably infer the application of unreasonable force or racially discriminatory conduct.

## II. FACTS

On March 28, 2010, San Francisco police officers arrested Decedent – an HIV-positive, African-American male – who was arguing with patrons at a café and refused to leave. Complaint, ECF No. 1 at 3, ¶¶ 11-13. When the officers tried to remove Decedent, he resisted and bit one of the officers. *Id.* at 4, ¶ 13. The officers arrested Decedent. *Id.* at 4, ¶ 14. He was medically cleared and booked into the jail. *Id.* at 4, ¶¶ 14-15. Shortly after his arrival, Decedent became "agitated and combative" and the deputies used force to place him in a safety cell. *Id.* at 4, ¶ 16. Two minutes after placing him in the cell, a deputy discovered Decedent to be unresponsive. *Id.* at 4, ¶ 17. Attempts to revive Decedent were futile, and he died. *Id.* at 4, ¶ 18. The medical examiner determined that Decedent died due to a "lethal cardiac arrhythmia following restraint during methamphetamine intoxication." *Id.* at 4, ¶ 19.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B. 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiffs allege that the defendants applied excessive force in violation of the Fourth Amendment and violated the Equal Protection clause of the Fourteenth Amendment.

## IV. DISCUSSION

**A. Standing**

Generally, Fourth Amendment rights may not be vicariously asserted. *United States v. Struckman*, 603 F.3d 731, 746 (9th Cir. 2010). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland v. City of Las Vegas*, 159 F.3d 365, 369 (9th Cir. 1998). "Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 n. 2 (9th Cir. 2006); *see* Cal.Code Civ.Proc. § 377.30. Additionally, a parent or child of a decedent may assert a Fourteenth Amendment claim "based on the related deprivation of their liberty interest arising out of their relationship with [a decedent]." *Moreland*, 159 F.3d at 371. And a decedent's survivors may bring a state law wrongful death claim to recover damages based on their own injuries resulting from the

1 decedent's death. Cal.Code Civ. Proc. § 377.60; *see Ruiz v. Podolsky*, 50 Cal.4th 838, 858 (2010). Accordingly, Plaintiffs have standing in this case.

## B. Defendant's Request for Judicial Notice of the Medical Examiner's Report

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint. *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). However, a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). And courts in this district have taken judicial notice of a medical examiner's report. *See, e.g., Snyder v. Enterprise Rent-A-Car Co. of San Francisco*, 392 F.Supp.2d 1116, 1123 n.2 (N.D. Cal. 2005). Here, however, the court does not rely on the medical examiner's report for its conclusions.

## C. *Monell* Claim

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But a city may be liable where the execution of its policy or custom inflicts the injury. *Id.* And inadequate training may serve as the basis for § 1983 liability against a municipality "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Ninth Circuit has held that, in determining a motion to dismiss for failure to state a claim, it is sufficient for a plaintiff to generally allege that there is a municipal policy, "even if the claim is based on nothing more than a bare allegation that the individual officer's conduct conformed to official policy, custom, or practice." *Shah v. Cnty. of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986). But this conflicts with the Supreme Court's command in *Iqbal* that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. at 1949-50. Accordingly, "the prior Ninth Circuit pleading standard for *Monell* claims (i.e. 'bare allegations') is no longer viable." *Young v. City of Visalia*, 687 F.Supp.2d 1141, 1149 (E.D. Cal.

2009) (discussing *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) and how the factual allegations there met the plausibility standard); *see also Canas v. City of Sunnyvale*, No. C 08-5771 JF, 2011 WL 1743910, at *5 (N.D. Cal. Jan. 19, 2011); *Carrea v. California*, No. 07-1148, 2010 WL 3984832, at *18 (C.D. Cal. Aug. 25, 2010).

Plaintiffs argue that the Ninth's Circuit's standard still applies. ECF No. 10 at 10-11. But Plaintiffs do not attempt to reconcile this standard with *Iqbal*. And the two cases cited by Plaintiffs are unpersuasive. First, in *Buckheit v. Dennis*, 713 F.Supp.2d 910 (N.D. Cal. 2010), the court applied the Ninth Circuit's standard without discussing *Twombly* and *Iqbal* in the context of specific allegations about the policies and the ratification of the officers' conduct. Second, in *Von Haar v. City of Mountain View*, No. 10-CV-02995-LHK, 2011 WL 782242 (N.D. Cal. Mar. 1, 2011), the court observed that the Ninth Circuit has not revisited its standard, but the court in *Von Haar* found that the plaintiff alleged more than bare legal conclusions as he identified three specific areas in which the City of Mountain View, pursuant to practice and custom, allegedly failed to adequately train its officers. 2011 WL 782242, at *5 n.2.

Here, Plaintiffs' allegations regarding CCSF's customs, practices, and polices are general and conclusory. Complaint, ECF No. 1 at 5, 7-8, at ¶¶ 31-36, 59. The complaint fails to identify any specific practices, merely referring generally to the law enforcement officials' alleged "misconduct." Thus, the Plaintiffs fail to state a *Monell* claim. *See Canas*, 2011 WL 1743910, at *5.

**D. Excessive Force Claim**

The Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). And "the Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention." *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002). Accordingly, the court evaluates Plaintiffs' claim of excessive force under the Fourth Amendment's objective reasonableness standard. *See Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996); *Lolli v. County of Orange*, 351 F.3d 410, 415-17 (9th Cir. 2003) (applying Fourth Amendment standards for excessive force claim brought by a pre-arraignment detainee); *Gibson*, 290 F.3d at 1197. In making this determination, the court balances "the nature and quality of the

1  intrusion on the individual's Fourth Amendment interests against the countervailing governmental
2  interests at stake." *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. This means that a court must
3  "'balance the [type and] amount of force applied against the need for that force.'" *Bryan v.*
4  *McPherson*, No. 08-55622, 2010 WL 2431482, * 2 (9th Cir. June 18, 2010) (applying *Graham*
5  balancing test to the use of  asers) (*quoting Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003)).

6      The following factors are relevant when evaluating the need for force: (1) the severity of the
7  crime; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and
8  (3) whether the suspect is resisting arrest or trying to evade arrest by flight. *Graham*, 490 U.S. at
9  396-97. Another relevant consideration is that just because force later appears unnecessary does not
10 mean that it is unreasonable force barred by the Fourth Amendment. The reasonableness is judged
11 from the perspective of a reasonable officer on the scene, not with the 20/20 vision of hindsight. *See*
12 *id.* Officers often make "split-second judgments – in circumstances that are tense, uncertain,
13 and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id.*

14     Plaintiffs allege that Decedent had been medically cleared, fully processed, and booked in the
15 county jail Complaint, ECF No. 1 at 4, ¶¶ 14-16. They further allege that deputies then transported
16 Decedent into a safety cell because he became resistive during the booking process and, as a result
17 of the deputies efforts to gain control of Decedent to transport him, Decedent died. *Id.* at 4, ¶ 16.
18 Plaintiffs submit that these facts give rise to a plausible inference that the deputies used excessive
19 force resulting in Decedent's death. Opposition, ECF No. 10 at 11. Plaintiffs also state that the
20 court should not rely on the medical examiner's report, claiming that they have retained a medical
21 expert who disagrees with the conclusions set forth in the report. *Id.* at 11-12. Plaintiffs also allege
22 that Decedent's initial struggle with the police officers did not result in his immediate death,
23 implicitly contending that this suggests that the latter force was excessive. *Id.* at 12.

24     Plaintiffs do not allege facts sufficient to support a § 1983 excessive force claim. An officer may
25 use force to control a pretrial detainee who is resisting being placed in a safety cell. *Gibson*, 290
26 F.3d at 1198. Thus, Plaintiffs' allegation that the officers used force is not sufficient to imply a
27 constitutional violation. Additionally, the fact that a detainee dies does not, on its own, imply that
28 the officers used unreasonable force. *See id.* For example, in *Gibson*, Stephen Gibson suffered a

1 heart attack and died while in the custody of the sheriff's department. *Id.* at 1180. After driving
2 through an intersection from the lefthand lane, Gibson was pulled over and ultimately arrested. *Id.*
3 at 1181-82. While in jail, Gibson became agitated. *Id.* at 1182. The law enforcement officials
4 moved him to a special safety cell. *Id.* at 1183. In their attempts to maintain control of Gibson, they
5 applied pepper spray and restrained his extremities. *Id.* Gibson died from a heart attack during the
6 struggle. *Id.* His widow brought a § 1983 excessive force claim against the county, sheriff, and
7 deputies on duty. *Id.* at 1180. The Ninth Circuit affirmed the lower court's finding that the
8 defendant deputies had used reasonable force in restraining Gibson. *Id.* at 1198. The Ninth Circuit
9 determined that the defendants' use of force was reasonable where Gibson had been behaving
10 strangely and violently and the deputies needed to restrain the resisting Gibson to move him to the
11 special watch cell. *Id.*

12 Likewise, in *Hunt ex rel. Chiovari v. Dart*, 754 F.Supp.2d 962 (N.D. Ill. 2010), the court ruled
13 against a plaintiff who brought a § 1983 excessive force claim against the sheriff of Cook County,
14 alleging that civil rights violations led to the death of Thomas Hunt while he was in custody. 754
15 F.Supp.2d at 964. The court in *Hunt* characterized the plaintiff's argument as advancing a *res ipsa*
16 *loquitur* theory of liability where the plaintiff claimed that Hunt's death while in the sheriff's
17 custody, coupled with evidence of head injuries, demonstrated that Hunt's death was due to an
18 assault. *Id.* at 977. The court in *Hunt* rejected this argument, holding that *res ipsa loquitur* is a
19 doctrine that is confined to negligence cases and cannot be applied to a constitutional tort case that
20 requires intent. *Id.* (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for
21 negligently inflicted harm is categorically beneath the threshold of constitutional due process."));
22 *see also Clark-Murphy v. Foreback*, 439 F.3d 280 (6th Cir. 2006).

23 In the instant case, the deputies applied some unknown quantum of force to restrain Decedent,
24 an HIV-positive, methamphetamine user, as they attempted to move him to a safety cell. Again, the
25 deputies were entitled to use force to restrain the resisting detainee as they attempted to move him to
26 a safety cell. *Gibson*, 290 F.3d at 1198. And, sadly, Decedent died as the deputies applied this
27 force. But these allegations, which fail to connect the *type* or *amount* of force to the injury, are
28 merely consistent with Plaintiffs' theory of liability and do not cross the line from possible to

plausible as required by *Iqbal*. *See id.*; *Hunt*, 754 F.Supp2d at 977.

## E. Other Constitutional Claims

Plaintiffs assert a plethora of other putative § 1983 claims. The complaint's organization makes it difficult to determine exactly what claims are being asserted but they seem to be organized around the specific constitutional injuries alleged by Plaintiffs.

As to Plaintiffs' Equal Protection claim, after setting forth the legal standard for Equal Protection claims, the opposition brief states "Here," with no further text. Opposition, ECF No. 10 at 13. Later in the opposition brief, Plaintiffs argue, "Here, Decedent Brown was readily recognizable as an African American man and the Sheriff's Deputies attacked him and denied him of Constitutional rights because of his race." *Id.* at 15. The court assumes this is a typographical error and that the text from page 15 should have been included on page 13.

With regard to Plaintiffs' Equal Protection claim, Plaintiffs fail to allege unlawful discrimination or any facts that would lead to an inference of unlawful discrimination by any officer towards Decedent. In the complaint, Plaintiffs only allege that Decedent was African-American. But this fact is insufficient for the court to conclude that the deputies attacked Decedent based on his race. *See East v. City of Richmond*, No. C 10-2392 SBA, 2010 WL 4580112, at *3 (N.D. Cal. Nov. 3, 2010); *see generally Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2010) (finding allegation of impermissible motive conclusory and therefore not entitled to assumption of truth). Thus, Plaintiffs fail to state an Equal Protection claim. *Id.*

Plaintiffs did not discuss the other potential constitutional bases for a § 1983 claim. CCSF argues that any substantive due process claim under the Fourteenth Amendment would be subsumed by other constitutional provisions. Motion, ECF No. 7 at 14 (citing *Albright v. Oliver*, 510 U.S. 266 (1994)). The court agrees.

## F. State Claims

As to Plaintiffs' California Civil Code § 51.7 claim, CCSF argues that Plaintiffs fail to allege any facts supporting an allegation that an officer used force on account of Decedent's race. Motion, ECF No. 7 at 11 (citing *Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 880-81 (2007); *East*, 2010 WL 4580112). Plaintiffs counter with the same argument they make above with

1  regard to the Equal Protection claim. Opposition, ECF No. 10 at 13-14. Again, the court finds that
2  Plaintiffs failed to allege any facts supporting the conclusion that an officer used force on account of
3  Decedent's race. Accordingly, Plaintiffs' § 51.7 claim, as alleged, fails.

4  As to Plaintiffs' claim under California Code of Civil Procedure § 52.1, CCSF argues that
5  Plaintiffs fail to state any facts to support either a constitutional violation, or "threats, intimidation or
6  coercion." Motion, ECF No. 7 at 12 (citing *Reynolds v. City. of San Diego*, 84 F.3d 1162, 1170 (9th
7  Cir. 1996), overruled on other grounds in *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir.
8  1997); *Jones v. Kmart Corp.*, 17 Cal.4th 329, 331 (1998)). Plaintiffs respond that the allegations of
9  excessive force satisfy the elements for § 52.1. Opposition, ECF No. 10 at 14. As discussed above,
10 the court finds that Plaintiffs failed to allege any facts supporting the conclusion that an officer used
11 excessive force. Accordingly, as alleged, Plaintiffs' § 52.1 claim fails.

12 As to Plaintiffs' assault and battery claim, CCSF argues that immunities similar to qualified
13 immunity require more than the allegation that an officer used force against a resistive and
14 combative arrestee. Motion, ECF No. 7 at 12. Plaintiffs reiterate their arguments that they properly
15 alleged the use of excess force. Opposition, ECF No. 10 at 15. Here again, the court finds that
16 Plaintiffs failed to allege any facts supporting the conclusion that an officer used excessive force.
17 Thus, as alleged, Plaintiffs' assault and battery claim fails. *See Edson v. City of Anaheim*, 63
18 Cal.App.4th 1269, 1273 (Cal. Ct. App. 1998).

19 **G.  Discovery Issues**

20 Plaintiffs assert a need for additional discovery. Opposition, ECF No. 10 at 8-9, 12. But
21 Plaintiffs are not entitled to discovery where their complaint has been dismissed for failure to state a
22 claim. *See Iqbal*, 129 S.Ct. at 1950 (holding that Rule 8 "does not unlock the doors of discovery for
23 a plaintiff armed with nothing more than conclusions").

24 **H.  Leave to Amend**

25 CCSF argues that granting Plaintiffs leave to amend would be futile because all available
26 evidence is consistent with the application of reasonable force. Motion, ECF No. 7 at 12. Plaintiffs
27 assert that they have retained an expert who has drawn different conclusions than the medical
28 examiner. Opposition, ECF No. 10 at 11-12. Given that leave to amend shall be freely given, the

C 11-02162 LB
ORDER RE MOTION TO DISMISS         9

court grants CCSF's motion to dismiss with leave to amend.  *See* Fed. R. Civ. P. 15(a); *Lopez*, 203 F.3d at 1127.

### V.  CONCLUSION

For the foregoing reasons, the court **GRANTS** CCSF's motion to dismiss with leave to amend. Plaintiffs shall file an amended complaint by November 10, 2011.

This disposes of ECF No. 7.

**IT IS SO ORDERED.**

Dated: October 20, 2011

_____
LAUREL BEELER
United States Magistrate Judge